**RUSSELL S. WARREN, JR., ESQ.**
473 Sylvan Avenue
P.O. Box 1234
Englewood Cliffs, New Jersey 07632
(201) 503-0773
(201) 503-0776-Fax
*mail@rwarrenlaw.com*

**LAW OFFICE OF ROOSEVELT N. NESMITH LLC**
Roosevelt N. Nesmith, Esq.
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

**GISKAN SOLOTAROFF & ANDERSON LLP**
Catherine E. Anderson, Esq.
217 Centre Street, 6th Floor
New York, New York 10134
Tel: (212) 847-8315
Fax: (646) 964-9610
*canderson@gslawny.com*

***Counsel for Plaintiff and the***
***Putative Collective and Class***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| DIANE PEREZ, individually and on behalf of all others similarly situated | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| -vs- | Class and Collective Action |
| EXPRESS SCRIPTS, INC., and EXPRESS SCRIPTS HOLDING COMPANY, | Jury Trial Demanded |
| Defendants. | Documents Filed Electronically |

_____

## INTRODUCTION

Plaintiff, DIANE PEREZ, individually and on behalf of all other similarly situated persons, files this Class and Collective Action Complaint, against EXPRESS SCRIPTS HOLDING COMPANY and its wholly owned subsidiary, EXPRESS SCRIPTS, INC**.**, (together "Defendant" or "Express Scripts"), seeking all available relief for unpaid overtime wages pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA") and The New Jersey Wage and Hour Law, N.J.S.A §. 34:12-56, *et seq*. ("NJWHL") and New Jersey Wage and Hour Regulations N.J.A.C. § 12:56-5.1, *et seq*.

## NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of herself and all similarly situated, current and former employees of the Defendant in the United States, who were classified as "Exempt Employees" and assigned the title of "manager", and were at pay grade pay levels H and below, and who elect to opt into this action, pursuant to the FLSA (hereinafter "Collective Active Members") that they are entitled to *inter alia*: (1) unpaid overtime wages for hours worked above forty (40) in a work week, as required by law; and (2) liquidated damages pursuant to the FLSA.

2.      Plaintiff also brings this action under NJWHL pursuant to Fed. R. Civ. P. 23, on behalf of herself and all similarly situated current and former employees who worked for Defendant in the State of New Jersey and who were classified as "Exempt Employees" and assigned the title of "manager," and were at pay grade levels H and below (hereinafter "New Jersey Class Members") that they are entitled to *inter alia,* unpaid overtime wages for hours worked above forty (40) in a work week, as required by the NJWHL.

3.      Defendant violated the FSLA and the NJWHL, by misclassifying Plaintiff and similarly situated employees as exempt "managers" and failing to pay these employees for all the hours worked, failing to pay them overtime in a timely manner, and failing to pay them the legally required amount of overtime compensation required by law for all hours works over forty

(40) in a work week. Plaintiff and all persons similarly situated, are entitled to unpaid wages from Defendant for all hours worked by them, as well as unpaid overtime wages for hours in excess of forty (40) hours worked per work week.

## JURISDICTION

4.     This Court has jurisdiction over Plaintiff's FSLA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     This Court has jurisdiction over Plaintiff's NJWHL claim pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453 and 1711-1715, and 28 U.S.C. § 1367.  The parties are diverse and, on information and belief, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6.     Plaintiff is a citizen of a State different from that of Defendant.

7.     Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.     Plaintiff resides in this district.

9.     Defendant regularly conducts business in this district.

## THE PARTIES

10.     Plaintiff, DIANE PEREZ, is an individual residing in Paterson, New Jersey.

11.     Plaintiff was formerly employed by Defendant in Franklin Lakes, New Jersey. She began her employment with Express Scripts predecessor, Medco Health Solutions Inc., in 2005.  Express Scripts acquired Medco Health Solutions in 2012.  From late 2008 through 2018, Plaintiff was employed in a position nominally titled as a manager in Express Scripts' Commercial Member Communications Marketing Department.  At all such times, Plaintiff was at Express Scripts pay grade levels H or below.

12.     Plaintiff's employment with Defendant terminated on or about January 26, 2018. Plaintiff's last job title at Express Scripts was Senior Communications Manager, Member Communications Marketing.

13.     Plaintiff regularly worked in excess of forty (40) hours per work week, without receiving wages from Defendant for hours worked and without overtime compensation required by State and Federal Laws.

14.     Defendant is a pharmacy benefits manager, organized as a corporation under the laws of the State of Delaware, with its principal place of business at 1 Express Way, St. Louis, Missouri 63121.  Defendant currently employees approximately 2,000 persons at its facility located at 100 Parsons Pond Road, Franklin Lakes, New Jersey.

15.     At all times relevant hereto, Defendant has been an employer within the meaning of Section 3(d) of the FLSA.

16.     At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA.

17.     At all times relevant herein, Defendant has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA because it has employees engaged in commerce.

18.     Defendant has had a gross volume of sales made or business done of at least $500,000 per annum.

19.     At all times relevant herein, Plaintiff and similarly situated employees were engaged in commerce.

20.     Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

21.     Defendant directed the work of Plaintiff and similarly situated employees and benefitted from work performed that Defendant suffered or permitted from them.

3

22.     Plaintiff and similarly situated employees worked in excess of 40 hours per work week, without receiving overtime compensation as required by the FSLA, NJWHL and other applicable local, state and federal wage and hour laws.

23.     Pursuant to Defendant's policy, pattern and/or practice, Defendant failed to pay Plaintiff and all similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

## FACTUAL ALLEGATIONS

24.     Plaintiff was employed by Defendant as a Senior Communications Manager, Member Communication Marketing.

25.     Defendant maintained control, oversight, and discretion over its operations, including employment practices with respect to Plaintiff and similarly situated employees.

26.     Plaintiff, the Collective Action Members, and the New Jersey Class Members, performed their work in the normal course of Defendant's business and their work was integrated into Express Scripts' business.

27.     Plaintiff and numerous other similarly situated employees classified as "managers" at pay grade levels H and below in multiple Express Scripts' departments, including the Content Department, Production Department and Account Management Department, primarily worked on various aspects of mass mailing campaigns.  Although Plaintiff and other similarly situated employees were classified as "managers", their day to day work consisted solely of providing operational support for Express Scripts' mail campaigns.  The content of the mass mailings, the process for completing the mass mailings and the deadlines for doing so were decided and communicated to Plaintiff and other nominal "managers" at pay levels H and below by Express Scripts managers holding the title of "Directors."

28.     During the relevant time period set forth herein, Defendant misclassified numerous employees, including Plaintiff, as "Exempt Employees" for the purpose of avoiding

4

the payment of overtime wages, as required by law.  Plaintiff, and many other employees, were classified by Defendant as "Salaried Managers", at pay level H and below, who were paid, based upon a forty (40) hour work week.  Plaintiff and other employees work load and job assignments, as dictated by Defendant, did in fact require Plaintiff and the other employees to work, on average, sixty (60) hours per week.  Defendant knew or should have known that the Plaintiff' and other similarly situated employees worked in excess of forty (40) hours per week, for which they were not paid time and a half.  In fact, Plaintiff made numerous complaints to her manager, both verbally and by email, that her work load required her to work sixty (60) hours or more per week in order to meet the campaign deadlines and that the work load was not sustainable.

29.     Consistent with Defendant's policy, pattern and/or practice, Plaintiff, the Collective Action Members, and the New Jersey Class Members regularly worked in excess of 40 hours per work week without being paid overtime wages in violation of the FLSA, the NJWHL and other local and state wage and hour laws.

30.     Plaintiff was employed by Defendant as a "Senior Program Communications Manager" in the Commercial Member Communications Department.  The Commercial Member Communications Department consisted of approximately seventy (70) people.   Each person in the department was designated as a "manager" and upon information and belief, misclassified as an "Exempt Employee", who was regularly required to, and did in fact, work in excess of forty (40) hours per week and who were not paid overtime wages.

31.     Defendant has misclassified Plaintiff and other similarly situated employees as exempt from the FLSA and the NJWHL's overtime requirements, apparently on the grounds that they are management and thus, subject to the "executive" exemption under both the FLSA and the NJWHL.

32.     To be exempted as an "executive" under the FLSA and the NJWHL, an employee must (1) be paid on a "salary basis" at a statutory minimum based rate; (2) the employee's

primary duty must be management; (3) the employee must customarily direct work of at least two or more other full-time employees; and (4) the employee must have authority to hire or fire other employees, or the employee's suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.

33.     Plaintiff and the other similarly situated employees who were misclassified as managers do not meet this test.  At all relevant times, Plaintiff and other similarly situated employees misclassified by Defendant as exempt management did not have the primary duty of management.  The Department of Labor has defined management duties as including the following:  interviewing, hiring and training employees; assigning and directing the work of employees; giving feedback on performance and conducting reviews; responding to employee complaints; disciplining, demoting or firing employees; planning and controlling the budget; selecting and purchasing necessary tools and inventory; selecting the techniques to be used on the job; and planning for the safety of the employees.  Plaintiff and other similarly situated employees who were misclassified as managers at pay levels H and lower performed none of these functions.

34.     Moreover, Plaintiff and other similarly situated employees who were misclassified as "Exempt Managers" by Defendant have not customarily directed work of at least two or more full-time employees of Defendants and have not had the power to hire or fire employees and/or their suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees has not been given any particular weight by Defendant; nor do Plaintiff and other similarly situated employees meet the test for any other exemption under the FLSA and NJWHL.

35.     Indeed, at all relevant times, the true and *de facto* managers at Express Scripts have been classified as pay level I and higher and most are given the title of "Director".

36.     Defendant's policy, pattern and/or practice of misclassifying employees as "managers" and therefore, exempt for payment of overtime wages, was pervasive.  Defendant designated entire departments of employees as "Exempt Managers", at pay level H and below, including but not limited to employees with the titles of "Account Manager", "Campaign Manager", "Account Management Services", "PBM Outcome Management", "Product Management", and "Marketing Manager".  Defendant's policy, pattern, and/or practice of mischaracterizing Defendant's "Non-Exempt" Employees as "Exempt", allowed Defendant to improperly reduce its labor costs and unfairly compete with Defendant's competitors, giving Defendant an unfair, improper and illegal competitive advantage to the detriment of Defendant's employees, business competitors and ultimately, the general public at large.

37.     Defendant's improper and illegal, company-wide policy, pattern and/or practice of mischaracterizing Defendant's labor force as "exempt employees" improperly reduced Defendant's labor cost, thereby fraudulently increasing the appearance of Defendant's profitability.

38.     During the relevant time period, Defendant scheduled Plaintiff to work forty (40) hours per week, but she regularly worked more than 40 hours per week and was not paid for the hours worked in excess of 40 hours per workweek.

39.     Plaintiff regularly worked additional hours on weekends and holidays and Defendant did not pay her for those hours worked.

40.     The number of hours Plaintiff worked per week can be ascertained from Defendant's records.  At all relevant times, Plaintiff and other similarly situated employees were required to swipe in and out of Defendant's facility in Franklin Lakes, New Jersey, by using an electronic company pass.  In addition, at all relevant times, Plaintiff and other similarly situated employees were required to log in and log out of the Express Scripts' computer system using a

company pass code when working at the Franklin Lakes facility and also when working remotely

on a company laptop.

41.    Defendant assigned all of the work that Plaintiff, the Collective Action Members

and New Jersey Class Members have performed and Defendant is aware of all of the work that

they have performed.

42.    Plaintiff and other persons employed by Express Scripts and classified as

"managers" at pay levels H and lower did not regularly supervise the work of any other

employees.

43.    Plaintiff's primary duty, and the primary duty of other persons employed by

Express Scripts and classified as "managers" at pay levels H and lower, did not include the

exercise of independent judgment and discretion with respect to matters of significance.

44.    Throughout the Collective Action and New Jersey Class Periods, Plaintiff, the

Collective Action Members, and the New Jersey Class Members performed "non-exempt" job

duties.

45.    Throughout the Collective Action and New Jersey Class Periods, the primary job

duties of Plaintiff and all members of the Collective Action and New Jersey Class did not include

hiring, firing, disciplining, or directing the work of other employees or exercising independent

judgment and discretion with respect to matters of significance.

46.    The primary job duties of Plaintiff and all members of the Collective Action and

New Jersey Class did not materially differ from the duties of other non-exempt, hourly paid

employees.

47.    Defendant's company-wide policy, patterns and/or practice of misclassifying its

employees was knowing and intentional.

48.    Pursuant to a centralized, company-wide policy, pattern and/or practice,

Defendant misclassified Plaintiff and other similarly situated current and former employees, as

exempt from coverage of the overtime provisions of the FLSA, the NJWHL, and other local and

state wage and hour laws.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA

claim as a Collective Action on behalf of all individuals who are or were employed by Express

Scripts in the United States who were misclassified as "managers" at pay levels H and below,

and who were not paid for all hours worked and/or their overtime hours in violation of the FLSA.

50.    Defendant Express Scripts is liable under the FLSA for, *inter alia*, failing to pay

proper overtime wages to Plaintiff and other similarly situated employees.

51.    There are many similarly situated current and former employees of Defendant

who have not been paid proper overtime wages in violation of the FLSA and who would benefit

from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus,

notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

52.    The similarly situated employees are known to Defendant, are readily identifiable,

and can be located through Defendant's records.

## NEW JERSEY CLASS ALLEGATIONS

53.    Plaintiff sues on her own behalf and on behalf of the New Jersey Class, pursuant

to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), defined as all current and former employees of

Express Scripts in the state of New Jersey who were classified as "managers" at pay levels H and

below during the relevant statutory period.

54.    Defendant Express Scripts violated the NJWHL and the regulations promulgated

thereunder by failing to pay proper overtime wages to Plaintiff and other putative New Jersey

Class Members for hours in which they worked over 40 hours in a given work week.

55.    The New Jersey Class is so numerous that joinder of all members is

impracticable.  Although the precise number of such persons is unknown, these similarly situated

employees are known to Defendant, are readily identifiable, and can be located through

Defendant's records.

56.     Upon information and belief, there are at least 100 members of the New Jersey

Class.  Indeed, at all relevant times, Defendant has employed at least 2,000 persons at its facility

in Franklin Lakes, New Jersey.

57.     There are questions of law and fact common to the members of the New Jersey

Class that predominate over any questions solely affecting the individual members of the New

Jersey Class.

58.     The critical question of law and fact common to Plaintiff and the New Jersey

Class that will materially advance the litigation is whether Defendant Express Scripts is required

by the NJWHL to pay Plaintiff and the New Jersey Class at a rate of 1.5 times their regular

hourly rate for hours worked in excess of forty (40) hours per week.

59.     Other questions of law and fact common to the New Jersey Class that will

materially advance the litigation include, without limitation:

    a.     Whether Defendant Express Scripts employed Plaintiff and the New
           Jersey Class Members within the meaning of NJWHL;

    b.     The nature and extent of the class-wide injury and the appropriate measure
           of damages for the Class when the employer fails in its duty to maintain
           time records;

    c.     Whether Defendant Express Scripts had a policy of misclassifying as
           exempt from coverage of the overtime provisions of the NJWHL;

    d.     Whether Defendant Express Scripts failed to pay Plaintiff and the New
           Jersey Class the legally required amount of overtime compensation for
           hours worked in excess of 40 hours per workweek, in violation of the
           NJWHL; and

    e.     Whether Defendant Express Scripts is liable for all damage claimed by
           Plaintiff and the New Jersey Class, including, without limitation,
           compensatory and statutory damages, interest, costs and disbursements,
           and attorneys' fees.

60.     Plaintiff's claims are typical of the claims of the members of the New Jersey

Class.

61.     Plaintiff has the same interests in this matter as all other members of the New

Jersey Class.

62.     Plaintiff is an adequate class representative, is committed to pursuing this action

and has retained competent counsel experienced in wage and hour law and class action litigation.

63.     Class certification of Plaintiff's NJWHL claim is appropriate pursuant to Fed. R.

Civ. P. 23(b)(2) because Defendant Express Scripts has acted or refused to act on grounds

generally applicable to the New Jersey Class, making appropriate both declaratory and injunctive

relief with respect to the New Jersey Class as a whole.  The members of the New Jersey Class

are entitled to injunctive relief to end Express Scripts' common and uniform policy, pattern

and/or practice of denying New Jersey Class Members the wages to which they are entitled.

64.     Class certification of Plaintiff's NJWHL claim is also appropriate pursuant to Fed.

R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey Class

predominate over questions affecting only individual members of the New Jersey Class, and

because a class action is superior to other available methods for the fair and efficient

adjudication of the litigation.

65.     Plaintiff knows of no difficulty that would be encountered in the management of

this ligation that would preclude its maintenance as a class action.

**<u>FIRST CAUSE OF ACTION</u>**

**<u>FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES</u>**
(Brought on Behalf of Plaintiff and All Collective Action Members)

66.     Plaintiff, on behalf of herself and all Collective Action Members, repeats,

reiterates and realleges each and every allegation of Paragraphs 1 through 65 as if they were set

forth herein at length.

67.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 § U.S.C. 206(a) and 207(a).

68.     Defendant formerly employed Plaintiff, and employed and/or continues to employ, each of the Collective Action Members, within the meaning of FLSA.

69.     Defendant Express Scripts has and continues to engage in a policy, pattern and/or practice of violating the FLSA, as detailed in this Complaint.

70.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

71.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendant Express Scripts.

72.     At all relevant times and continuing to the present time, Defendant had a policy pattern and/or practice of failing to pay overtime compensation to misclassified employees for hours that they had worked in excess of 40 hours per workweek.

73.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. § § 207(a)(1) and 215(a).

74.     As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C §§ 211(c) and 215(a).

75.     As a result of Defendant's FSLA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

76.     Because Defendant Express Scripts' violation of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**

**NEW JERSEY WAGE AND HOUR LAW: UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff and All New Jersey Class Members)**

77.     Plaintiff repeats, reiterates and realleges each and every allegation of Paragraphs 1 through 76, as if they were set forth herein.

78.     At all relevant times, Plaintiff and the New Jersey Class Members were employed by Defendant within the meaning of the NJWHL, and Defendant was an employer within the meaning of NJWHL.

79.     The overtime wage provision of the NJWHL and its supporting regulations apply to Defendant.

80.     Defendant willfully violated Plaintiff's rights and the rights of the New Jersey Class Members by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 hours in a workweek, in violation of the NJWHL and its regulations.

81.     Defendant knew and/or showed reckless disregard that its conduct was prohibited by the NJWHL.

82.     As a result of Defendant's willful violations of the NJWHL, Plaintiff and the New Jersey Class Members are entitled to recover from Defendant their unpaid overtime wages,

reasonable attorneys' fees and costs of the action and pre-judgment and post-judgment interest,

including the employer's share of FICA, FUTA, state unemployment insurance, and any other

required employment taxes, reasonable attorneys' fees and costs and disbursements of this

action, pursuant to N.J.S.A. § 34:11-56a25.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, the Collective Action Members and the New Jersey Class

Members are entitled to and pray for the following relief:

a)    Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b)    Certification of the New Jersey Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the New Jersey Class;

c)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHL.

d)    An injunction requiring Defendant Express Scripts to cease its unlawful practices under the NJWHL and comply with the law;

e)    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half the regular rate of pay under the FLSA and the NJWHL.

f)    An award of liquated damages pursuant to 20 U.S.C. § 216;

g)    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h)    An award of prejudgment and post-judgment interest;

i)    An award of costs and expenses of this action together with reasonable attorneys' fees; and

j)    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38 (b), Plaintiff demands a trial by jury.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify under penalty of perjury under the laws of the United States of America that to the best of my knowledge, this matter is not the subject to any other action pending in any court, or of any pending arbitration or administrative proceeding.  I understand that if the foregoing statement is willful false, I am subject to punishment.

Dated:  March 4, 2019

**RUSSELL S. WARREN, JR.**

By: s/ Russell S. Warren, Jr.
        Russell S. Warren, Jr.

473 Sylvan Avenue
Englewood Cliffs, NJ  07632
Tel. (201) 503-0773
Fax: (201) 503-0776
*mail@rwarrenlaw.com*

Roosevelt N. Nesmith, Esq.
**LAW OFFICE OF**
**ROOSEVELT N. NESMITH LLC**
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Tel: (973) 259-6990
Fax: (866) 848-1368
*roosevelt@nesmithlaw.com*

Catherine E. Anderson, Esq.
**GISKAN SOLOTAROFF & ANDERSON LLP**
217 Centre Street, 6th Floor
New York, NY 10013
Tel: (212) 847-8315
Fax: (646) 964-9620
*canderson@gslawny.com*

*Attorneys for Plaintiff and the*
*Putative Collective and Class*