**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE PEREZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC., and EXPRESS SCRIPTS HOLDING COMPANY,<br><br>Defendants. | Civil Action No.: 19-07752<br><br>**OPINION** |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court on the motion (ECF No. 51) of Express Scripts, Inc., and Express Scripts Holding Company (together, "Defendants") to dismiss the First Amended Complaint of Diane Perez ("Plaintiff") and those similarly situated (collectively, "Plaintiffs"). Plaintiffs opposed the motion (ECF No. 52) and Defendants replied in support (ECF No. 53). Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument. For reasons set forth below, Defendant's motion to dismiss is denied.

## II.   BACKGROUND

Defendants are the corporate forms of a pharmacy benefits management corporation organized under the laws of Delaware, with their principal place of business in Missouri. ECF No. 47 at 3. Plaintiff, a former employee of Defendants, has brought suit on behalf of two asserted classes, consisting of all similarly situated current and former employees of the Defendants in the United States and in New Jersey. Id. at 1. Plaintiff alleges that the proposed class of "similarly situated current and former employees" includes employees at Plaintiff's pay level and below who

1

were misclassified as managers in an attempt to circumvent overtime pay. Id. at 5. Plaintiff and other similarly situated employees in multiple Express Scripts' departments worked primarily on mass mailing campaigns. Id. at 4. Plaintiffs seek to recover allegedly-owed overtime compensation and related damages stemming from their misclassification as exempt employees. Id. at 13. Plaintiffs brought suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:12-56, *et seq*. ("NJWHL") on March 4, 2019, before reasserting their claims in an Amended Complaint on September 27, 2019, and again on January 8, 2020 and April 10, 2020.[1] ECF Nos. 27, 36, and 47.

On April 24, 2020, Defendants filed a Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint with Prejudice, now before the Court. ECF No. 51. Defendants argue that Plaintiffs have failed to state a claim and that the First Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id. at 1. Specifically, Defendants contend that in failing to set forth facts to establish that Plaintiff is similarly situated to the class she seeks to represent (a class Defendants claim is amorphous and loosely defined), and in failing to allege facts sufficient to establish a willful violation of the FLSA, Plaintiffs fail to state a claim for which relief can be granted. Id.

---

[1] On December 2, 2019, Plaintiffs' initial motion to amend was administratively terminated after Plaintiffs did not follow Court procedure requiring parties to meet and confer on motions to amend, and failed to provide a redline copy of the proposed amended complaint as well as other documents outlined in the Magistrate Judge's judicial preferences. Plaintiffs were directed by the Magistrate Judge to meet and confer with Defendants regarding proposed amendments, and if the parties could not reach an agreement, Plaintiffs were directed to file the requisite documents as part of an informal motion to amend. ECF No. 32. Plaintiffs again filed their Amended Complaint on January 8, 2020. ECF No. 36. It was likewise administratively terminated by the Magistrate Judge after Plaintiffs did not obtain permission to file the motion. ECF No. 39. Plaintiffs requested leave to file the motion to amend the complaint on February 11, 2020. ECF No. 40. Plaintiffs properly filed their First Amended Complaint on April 10, 2020 (ECF No. 47) and in response Defendants filed the motion presently before the Court. ECF No. 51.

### III.  LEGAL STANDARDS

#### A.  Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations and quotation marks omitted).

#### B.  Pleading Standards under the FLSA and NJWHL

To state a prima facie claim under the FLSA, a plaintiff must plead that "(1) Plaintiff was an 'employee,' as defined by the FLSA; (2) the defendant was 'engaged in commerce,' as defined by the FLSA; and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week." *Razak v. Uber Tech., Inc.*, No.

CV 16-573, 2016 WL 5874822, at 3 (E.D. Pa. Oct. 7, 2016); *see* 29 U.S.C. § 216(b). To satisfy the third prong, the Third Circuit has adopted a "middle-ground approach," wherein plaintiffs are not required to identify exact dates and times in which they worked overtime to defeat a motion to dismiss. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014). Plaintiffs must, however, "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id*. at 243 (internal citations omitted).

The FLSA provides two statutes of limitations: a two-year period from when the cause of action accrued, and a second, three-year statute of limitations for "willful violation[s]," which allows an action to be commenced within three years of the cause of action accruing. 29 U.S.C. § 255(a). Willfulness is established where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 130 (1998) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126, (1985)); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 150 (3d Cir. 2019).

"New Jersey courts have repeatedly emphasized that the NJWHL is to be construed broadly, and that it was purposefully drafted in parallel with the FLSA." *Thompson v. Real Estate Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015). "The FLSA includes a right of action to recover withheld overtime payments; the principle of parallel construction suggests that the NHWHL be interpreted the same way." *Id*. at 491.

### DISCUSSION

Defendants argue that Plaintiffs' First Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as insufficiently plead under FLSA and NJWHL standards. ECF No. 51 at 1. Specifically, Defendants allege that Plaintiff has not demonstrated that she is similarly situated to the putative class she seeks to represent, putting forth legal conclusions as opposed to

factual claims. Id. Defendants similarly allege that Plaintiffs have offered a "recitation of statutory language in an effort to obtain application of a three (3) year statute of limitations . . . without supporting factual allegations" of a willful violation of the FLSA.  Id. at 2. For reasons set forth below, the motion to dismiss is denied.

As currently pled the Court finds that Plaintiffs have alleged facts that, when taken as true, are sufficient to show that Plaintiffs have a plausible claim for relief. To begin with, Plaintiffs have pled each of the three above stated elements of a prima facie FLSA claim, alleging that they were employees as defined by the statute, that Defendants were engaged in commerce, and that they were not paid overtime compensation for hours worked in excess of forty hours per week. ECF No. 27 ¶¶ 11-12, ¶¶ 14- 20, ¶¶ 22, 28-30.

Defendants do not seriously dispute that the First Amended Complaint alleges the elements of an FLSA claim. Instead, Defendants focus the bulk of their motion to dismiss on advancing the claim that Plaintiff has not alleged a sufficient nexus between herself and the putative class she seeks to represent. To assess the issue of representativeness would be premature here as Plaintiff has yet to move for a conditional collective action certification, the first of two steps courts of the Third Circuit "follow to determine whether a FLSA plaintiff may proceed with a collective action, or instead must pursue their claim individually." *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 569–70 (D.N.J. 2014); *see also Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242–43 (3d Cir. 2013). Courts throughout the Third Circuit routinely decline to hear premature arguments regarding class certification in similar circumstances. *See Sisolak v. Ford Motor Co.*, No. 18-1182, 2019 WL 3503057, at *5 (D.N.J. July 31, 2019) ("The Court denies Defendant's Motion to Strike (ECF No. 23) as premature and finds the class certification analysis more appropriate for a later stage of the litigation."); *see also Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 54 (3d Cir. 2007); *McPeak v. S-L Distrib. Co.*, No. 12-348, 2014

WL 4388562 (D.N.J. Sept. 5, 2014); *Humphreys v. Budget Rent A Car Sys., Inc.*, No. 10-1302, 2014 WL 1608391 (E.D. Pa. Apr. 22, 2014).

Turning next to Defendants' assertion that Plaintiffs failed to allege facts sufficient to establish a willful violation of the FLSA, this argument also does not require dismissal of the First Amended Complaint. "It is well settled that a separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001). Plaintiff alleges Defendant's FLSA/NJWHL violations began in 2008 and continued though her departure from the company on January 26, 2018. Plaintiff filed her initial complaint on March 4, 2019. ECF No. 1. Therefore, even if Plaintiff failed to demonstrate Defendants' 'willful' violation of the FLSA, she remains within the FLSA's two-year statute of limitations period. It is thus largely irrelevant whether this suit is governed by the FLSA's two-year or three-year statute of limitations, though the Court preliminary finds that the First Amended Complaint appears to adequately allege a willful violation by Defendants at least with respect to Plaintiff. *See* ECF No. 52 at 15–16. Defendants may raise this argument again at a later stage of this litigation if they so choose.

### IV. CONCLUSION

For the reasons stated above, the motion to dismiss is **DENIED WITHOUT PREJUDICE**. An appropriate Order accompanies this Opinion.

**SO ORDERED.**

**DATE:** December 23, 2020

**CLAIRE C. CECCHI, U.S.D.J.**