UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE PEREZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EXPRESS SCRIPTS, INC., and EXPRESS SCRIPTS HOLDING COMPANY<br><br>Defendants. | Civil Action No. 19-cv-7752 (JXN) (ESK)<br><br>OPINION |

**NEALS**, District Judge:

This matter comes before the Court on the motion by Defendants Express Scripts, Inc. and Express Scripts Holding Company (collectively, "ESI," "Express Scripts," or "Defendants") for reconsideration of the Court's Order [ECF No. 100] denying Defendants' motion for summary judgment [ECF No. 85], and granting Plaintiff's Motions for Conditional Class Certification [ECF No. 70] and Equitable Tolling of the FLSA Statute of Limitations [ECF No. 81]. After carefully considering the parties' written and oral arguments, and for the reasons stated herein, Defendants' motions for reconsideration [ECF No. 105] and summary judgment [ECF No. 85] are **GRANTED**.

**I.  BACKGROUND**

This motion arises from the Court's Opinion and Order denying Defendants' motion for summary judgment and granting Plaintiff's motions for conditional class certification and equitable tolling of the FLSA statute of limitations. *See* ECF Nos. 99, 100. In their summary judgment motion, Defendants argued that Plaintiff was a highly compensated employee under 29 C.F.R. § 541.601 and exempt from coverage under the FLSA because Plaintiff's annual

compensation exceeded $100,000.00, she primarily performed office or non-manual work, and customarily and regularly performed duties of an exempt administrative employee. *See* ECF No. 85-2 at 9. In contrast, Plaintiff argued that the highly compensated exemption did not apply. *See* ECF No. 87 at 29. On July 28, 2022, the Court issued an Opinion and Order denying Defendants' summary judgment motion and finding that the highly compensated exemption did not apply to Plaintiff. ECF No. 99, 100.

Defendants promptly moved the Court to reconsider its Order. Mot. for Recons., ECF No. 105. In the motion, Defendants submit that reconsideration is warranted because the Court did not apply the appropriate highly compensated exemption test, among other reasons. Defs.' Br. at 14, ECF No. 105-3. According to Defendants, if the Court applies the correct highly compensated exemption test to the evidence, summary judgment in favor of ESI is appropriate and required. *Id.* Plaintiff opposes Defendants' motion, which is now ripe for the Court to decide.

## II. LEGAL STANDARD

### A. <u>Reconsideration</u>

Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.*, No. 04-cv-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005)). Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under this standard, courts have noted that "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civil Action No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, *5 (D.N.J. Oct. 7, 2003) (citation omitted).

The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compactions Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). "Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1998).

### B. Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."

Federal Rule of Civil Procedure 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law."  *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  *Anderson*, 477 U.S. at 248.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted).

       The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 322.  If the movant satisfies its initial burden, the nonmoving party cannot rest upon mere allegations in the pleadings to withstand summary judgment; rather, the nonmoving party "must counter with specific facts which demonstrate that there exists a genuine issue for trial."  *Orson*, 79 F.3d at 1366.  Specifically, the nonmoving party "must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial."  *Huang v. BP Amoco Corp*, 271 F.3d 560, 564 (3d Cir. 2001); *see Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case.").  Thus, "a mere 'scintilla of evidence' in the nonmovant's favor" is insufficient to create a genuine issue of fact."  *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660,

666 (3d Cir. 2016) (citation omitted); *see Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 F. App'x 41, 45 (3d Cir. 2017) ("There is a genuine dispute of material fact if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party."). Ultimately, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. *See Brooks v. Kyler*, 204 F.3d 102, 105 n. 5 (3d Cir. 2000).

### III.    DISCUSSION

In the Amended Complaint, Plaintiff asserts two causes of action for violations Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Count I) and the New Jersey Wage and Hour Law, N.J.S.A. § 34:12-56, *et seq.* ("NJWHL") (Count II). Am. Compl., ECF No. 47. Plaintiff seeks to recover unpaid overtime compensation and related damages stemming from her misclassification as an exempt employee. *Id.* at 13. Defendants move for judgment on the grounds that Plaintiff is a highly compensated employee who is exempt from overtime pay. *See* ECF No. 85-2. In contrast, Plaintiff argues that the highly compensated exemption does not apply. *See* ECF No. 87 at 29. In the Court's Opinion denying Defendants' summary judgment motion, the Court did not properly review whether Plaintiff was exempt from overtime pay under the highly compensated exemption. As a result, the Court will reconsider its decision to prevent manifest injustice.

The critical issue before this Court is whether the record evidence demonstrates that Plaintiff is an exempt employee under the FLSA. An employee qualifies for the highly compensated exemption if: (1) the employee's "primary duty includes performing office or non-manual work"; (2) the employee receives total annual compensation of at least $100,000; and (3) the employee "customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." 29 C.F.R. § 541.601.

5

To satisfy the third prong, the employee need only perform one or more exempt duties more than occasionally. 29 C.F.R. § 541.701 (noting that the duty's "frequency . . . may be less than constant"). An exempt duty is more than occasional if it is performed normally and recurrently every workweek, but not if it is an isolated or one-time task. *See id.* Additionally, this exempt duty need not be the employee's "primary duty." *See* 29 C.F.R. § 541.601(a)(2); *Smith v. Ochsner Health Sys.*, 353 F. Supp. 3d 483, 498 (E.D. La. 2018).

Because "[a] high level of compensation is a strong indicator of an employee's exempt status," the highly compensated employee exemption "eliminate[s] the need for a detailed analysis of the employee's job duties." 29 C.F.R. § 541.601(c); *see Hicks v. Mercedes-Benz U.S. Int'l, Inc.*, No. 7:08-cv-0536-LSC, 2012 WL 1566140, at *6 (N.D. Ala. Apr. 30, 2012) ("[T]he need to examine job duties is considerably relaxed for the highly compensated exemption . . .."); *see also Smith*, 353 F. Supp. 3d at 497–98 ("[C]ourts, in a pre-*Encino* world, applied the exemptions narrowly against the employer . . . and ignored the regulation's directive to forego a rigorous analysis of the employee's job duties in light of the employee's high compensation.").

Here, there is no dispute that Plaintiff received a total annual compensation of at least $100,000.00 during the relevant period. Defendants' Statement of Undisputed Facts ("DSOF") ¶¶ 45, 48, 49, 50, ECF No. 85-1; Plaintiff's Responsive Statement of Undisputed Facts ("PRSOF") ¶¶ 46, 50, 53, ECF No. 87-1. Plaintiff earned $115,791.32 in 2016, $116,477.07 in 2017, and $102,216.81 in 2018. DSOF ¶¶ 45, 48-49. There is also no dispute that Plaintiff customarily and regularly performed office or non-manual work directly related to the management or general business operations. According to the Wage and Hour Division, "[w]ork directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; . . . advertising; marketing; research; safety and health; personnel management; human

6

resources; employee benefits; labor relations; public relations, … and similar activities." 29 C.F.R. § 541.201. As Plaintiff acknowledged in opposition to summary judgment, while working for ESI, Plaintiff provided "operational support for Express Scripts' mass mailing campaigns, including the assembly of letter templates which were used to inform clients of prescription drug changes." PRSOF ¶ 7, ECF No. 87-1 at 5. Further, Plaintiff "helped establish project management plan requirements for the development of a highly visible cost-saving proprietary initiative, whose potential promised exponential cost-savings and efficiencies." *Id.* ¶ 21. Plaintiff also "[p]rovid[ed] efficient, accurate, and timely service to requestors the first time (90% of the time), which has minimized rework and unnecessary costs." *Id.* Based on the undisputed evidence in the record, Plaintiff's duties and responsibilities are directly related to management or general business operations. Moreover, Plaintiff concedes that she does the same work every day. *Id.* ¶ 7. Thus, Plaintiff customarily and regularly performs one or more exempt duties. 29 C.F.R. § 541.701.

Plaintiff's high compensation and performance of one or more of the exempt duties or responsibilities of an administrative employee is sufficient to classify her as a highly compensated employee who is exempt from overtime pay. *See* 29 C.F.R. § 541.601(c) (explaining that "[a] high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties"). Accordingly, Defendants' motion for summary judgment is granted.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motions for reconsideration [ECF No. 105] and summary judgment [ECF No. 85] are **GRANTED**. An appropriate Order accompanies this Opinion.

|  |  |
|---|---|
| DATED: March 20, 2023 | s/ Julien Xavier Neals<br>**JULIEN XAVIER NEALS**<br>United States District Judge |